**Petition of Richard James STAYTON.**

Supreme Court of Tennessee.

May 17, 1976.

G. Rhea Bucy, Martin & Cochran, Nashville, for petitioner.

Everett H. Falk, Asst. Atty. Gen., Nashville, for Board of Law Examiners.

R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Justice.

This cause is before us on petition of Richard James Stayton for permission to take the Tennessee Bar Examination. More particularly, he asks that the undergraduate qualifications for "special students" set out in Rule 37, Section 5.08, of the Rules of the Supreme Court relating to bar admissions be waived by this Court.

The petitioner was admitted to Vanderbilt Law School as a "special student." He did not possess an undergraduate degree, nor did his undergraduate work meet the special student minimum requirements of Supreme Court Rule 37, Section 5.08. For that reason, the Board of Law Examiners advised petitioner that he was not eligible to take the Tennessee Bar Examination, although he has duly received his law degree from Vanderbilt.

On the 29th day of July, 1975, this Court ordered that the writ of certiorari issue to the Board of Law Examiners to certify to this Court the entire record and proceedings in the matter of petitioner's application, and that a writ of supersedeas issue setting aside the order of the Board of Law Examiners denying the petitioner the right to take the examination to be administered by said Board on July 30 and 31, 1975. This Court further ordered that the results of said examination be withheld from the petitioner pending further orders of the Court.

In *Thompson v. Board of Law Examiners* (May 5, 1975, unreported), this Court granted a waiver of Rule 37, Section 5.08, on the merits of the case there presented, but cautioned all law schools and persons seeking admission to law schools as "special students" that it was unlikely that the Rule would be waived in future cases, regardless of the merits shown.

We now are of the opinion that our policy in this regard must be more positively stated, to-wit: (1) any person who is enrolled as a "special student" in a Tennessee law school upon the date of the release of this opinion will be permitted to make application to this Court for a waiver of the requirements of Rule 37, Section 5.08; (2) all such applications will be considered by this Court and determined as the merits may dictate; and (3) no applications for waiver of Rule 37, Section 5.08, will be considered with respect to any person entering law school after the date of release of this opinion.

Upon considering the merits of petitioner's plea of waiver, we are persuaded that he is an exceptionally qualified person and we, therefore, waive the "special student" provisions of Rule 37, Section 5.08, and declare him eligible to take the Tennessee Bar Examination.

The petitioner will pay the costs of this appeal.

FONES, C. J., and COOPER, HENRY and HARBISON, JJ., concur.